IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-30301
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                          Plaintiff-Appellee,

versus

DEMARCUS JUNE, also known as June Bug,
also known as Antonio,

                                          Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 97-CR-50079-6
--------------------
December 23, 2002

Before DAVIS, JONES and DENNIS, Circuit Judges.

PER CURIAM:[*]

       Demarcus June appeals the district court's judgment that revoked his supervised release and imposed a 48-month sentence. June entered a guilty plea to a charge of conspiracy to distribute and possess with intent to distribute five kilograms and more of a mixture containing a detectable amount of cocaine and fifty grams and more of a mixture containing a detectable amount of cocaine base.

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

June contends that the evidence was insufficient to show that he possessed a firearm, and he argues that the imposition of the maximum sentence was error. He contends that the district court did not provide a written statement of the evidence relied upon and the reasons for the revocation. He asserts that the district court ignored an admission that would have absolved June and relied on hearsay evidence admitted over his objection.

We review a decision to revoke supervised release for an abuse of discretion. United States v. McCormick, 54 F.3d 214, 219 (5th Cir. 1995). June's challenge to the revocation is without merit. The district court was required to revoke June's supervised release because he admitted that he tested positively for use of a controlled substance. 18 U.S.C. § 3583(g)(1); United States v. Kindred, 918 F.2d 485, 487 & n.3 (5th Cir. 1990). June's 48-month sentence was within the proper range. 18 U.S.C. §§ 3559(a)(1), 3583(b)(1), 3583(e)(3); 21 U.S.C. § 841(b)(1)(A).

The evidence sufficiently established that June possessed a firearm, and June's admission overwhelmingly established that he violated the conditions of supervised release. United States v. Alaniz-Alaniz, 38 F.3d 788, 792 (5th Cir. 1994). The admission of hearsay was harmless, and the district court's judgment includes the implicit finding that the hearsay was reliable. McCormick, 54 F.3d at 220-21 & n.15. The lack of a written statement of the evidence relied upon is harmless. Id. at 220. The district court based its decision on a credibility determination to which we

accord deference. <u>Id.</u> at 219. The district court's decision to revoke June's supervised release was not an abuse of discretion. <u>McCormick</u>, 54 F.3d at 219. Accordingly, the judgment is **AFFIRMED**.